FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2015 DEC -3 P 3: 10

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

INDICTMENT FOR DEPRIVATION OF RIGHTS
UNDER COLOR OF LAW AND FALSE STATEMENTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **15-289** |
| v. | * | SECTION: **SECT. N MAG. 3** |
| ANDRE DOMINICK | * | VIOLATION: 18 U.S.C. § 242 |
| TIMOTHY WILLIAMS | | 18 U.S.C. § 1001(a)(2) |
| DEBRA BECNEL | * | |
| LISA VACCARELLA | | |
| * * * | | |

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. The St. Bernard Parish Prison ("SBPP") in Chalmette, Louisiana, was a facility responsible for the custody, control, care, and safety of inmates, including pretrial detainees, who were being held in custody following an arrest, but who had not been convicted of a crime.

2. Defendant **ANDRE DOMINICK** was employed as a correctional officer with the rank of Captain at the SBPP.

X Fee USA
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

3. Defendant **TIMOTHY WILLIAMS** was employed as a correctional officer with the rank of Corporal at the SBPP.

4. Defendant **DEBRA BECNEL** was employed as a correctional officer with the rank of Deputy at the SBPP.

5. Defendant **LISA VACCARELLA** was employed as a correctional officer with the rank of Deputy at the SBPP.

6. As correctional officers, defendants **ANDRE DOMINICK, TIMOTHY WILLIAMS, DEBRA BECNEL,** and **LISA VACCARELLA** were responsible for the custody, control, care, and safety of inmates, including pretrial detainees, at the SBPP.

7. From March 21, 2014, through April 1, 2014, Nimali Henry was a pretrial detainee in the custody of the SBPP.

8. Nimali Henry suffered from serious medical conditions, for which she was under a physician's care, and required treatment, including regular medication.

9. While incarcerated at the SBPP, Nimali Henry did not receive the medication required for her serious medical conditions, she was not evaluated or treated by a doctor, and she was not taken to a hospital for evaluation or treatment.

10. On April 1, 2014, at approximately 7:46 a.m., SBPP officers observed Nimali Henry unresponsive and lying face down in an isolation cell. For the first time, SBPP officers called for emergency medical services for Nimali Henry. Nimali Henry died in that isolation cell on April 1, 2014.

## COUNT ONE
### (Deprivation of Rights Under Color of Law)

Beginning on or about March 21, 2014, and continuing through on or about April 1, 2014, within the Eastern District of Louisiana, defendants **ANDRE DOMINICK, TIMOTHY WILLIAMS, DEBRA BECNEL,** and **LISA VACCARELLA**, while acting under color of law, as correctional officers in the SBPP, each willfully deprived Nimali Henry of the right to due process of law, which is protected and secured by the Constitution and the laws of the United States, and which includes the right of a pretrial detainee to be free from a correctional officer's deliberate indifference to her serious medical needs. Specifically, defendants **DOMINICK, WILLIAMS, BECNEL,** and **VACCARELLA**, each knowing that Nimali Henry had serious medical conditions, willfully failed to provide Nimali Henry with necessary medical care, thereby acting with deliberate indifference to a substantial risk of harm to Nimali Henry. The offense resulted in bodily injury to, and the death of, Nimali Henry; all in violation of Title 18, United States Code, Section 242.

## COUNT TWO
### (False Statements to a Federal Agency)

On or about October 9, 2014, in the Eastern District of Louisiana, defendant **ANDRE DOMINICK**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the United States. Specifically, defendant **DOMINICK** falsely told Special Agents of the FBI that: (1) Nimali Henry told **DOMINICK** that she (Nimali Henry) was unaware of what medical conditions she had; and (2) D.S. told **DOMINICK** that she (D.S.) did not know what conditions Nimali Henry had. In truth and in fact, as **DOMINICK** then well knew, his statements to the Special Agents of the FBI

were false, in that: (1) Nimali Henry told **DOMINICK** about her (Nimali Henry's) medical conditions, and did not tell **DOMINICK** that she was unaware of what medical conditions she had; and (2) D.S. told **DOMINICK** about Nimali Henry's medical conditions, and did not tell **DOMINICK** that she was unaware of what medical conditions Nimali Henry had; all in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE
### (False Statements to a Federal Agency)

On or about August 14, 2014, in the Eastern District of Louisiana, defendant **TIMOTHY WILLIAMS**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the United States. Specifically, defendant **WILLIAMS** falsely told Special Agents of the FBI that: (1) during the weekend preceding Nimali Henry's death, **WILLIAMS** had a telephone conversation with medical department officer J.C. about Nimali Henry's medical conditions; and (2) while Nimali Henry was in the isolation cell in the early hours of April 1, 2014, **WILLIAMS** checked on Nimali Henry by striking the cell bars and observing that she appeared alive and alert. In truth and in fact, as **WILLIAMS** then well knew, his statements were false, in that: (1) during the weekend preceding Nimali Henry's death, **WILLIAMS** did not have a telephone conversation with J.C. about Nimali Henry's medical conditions; and (2) during the early hours of April 1, 2014, he did not go to the isolation cell and strike the isolation cell bars to check on Nimali Henry; all in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
### (False Statements to a Federal Agency)

On or about August 11, 2014, in the Eastern District of Louisiana, defendant **DEBRA BECNEL**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the United States. Specifically, defendant **BECNEL** falsely told Special Agents of the FBI that: (1) Nimali Henry never told **BECNEL** that she needed medical attention; and (2) **BECNEL** did not have any conversations with inmates in Dorm D1 regarding Nimali Henry having a serious medical condition until after Nimali Henry died. In truth and in fact, as **BECNEL** then well knew, her statements to the Special Agents of the FBI were false, in that: (1) Nimali Henry told **BECNEL** that she needed medical attention; and (2) inmates in Dorm D1 spoke to **BECNEL** about Nimali Henry having a serious medical condition before Nimali Henry's death; all in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE
### (False Statements to a Federal Agency)

On or about August 14, 2014, in the Eastern District of Louisiana, defendant **LISA VACCARELLA**, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the United States. Specifically, defendant **VACCARELLA** falsely told Special Agents of the FBI that: (1) on March 30, 2014, **VACCARELLA** observed Nimali Henry walk into a dorm and lie down on the floor, and then, upon **VACCARELLA'S** order, stand up without any assistance and walk without any difficulty, before **VACCARELLA** closed the dorm door; and (2) after observing Nimali Henry at

approximately 6:15 to 6:30 a.m. on April 1, 2014, **VACCARELLA** discussed her observations with supervisor D.B. before **VACCARELLA'S** shift ended. In truth and in fact, as **VACCARELLA** then well knew, her statements were false, in that: (1) **VACCARELLA** watched Nimali Henry fall to the dorm floor on March 30, 2014, and then **VACCARELLA** closed the dorm door and left Nimali Henry lying on the floor; and (2) before her shift ended on April 1, 2014, **VACCARELLA** did not discuss with supervisor D.B. that **VACCARELLA** had observed Nimali Henry at approximately 6:15 to 6:30 a.m.; all in violation of Title 18, United States Code, Section 1001(a)(2).

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_/s/_

CHANDRA MENON
Assistant United States Attorney


_/s/_

CHRISTINE M. SISCARETTI
Trial Attorney, Civil Rights Division
United States Department of Justice


New Orleans, Louisiana
December 3, 2015

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

**ANDRE DOMINICK**
**TIMOTHY WILLIAMS**
**DEBRA BECNEL**
**LISA VACCARELLA**

## INDICTMENT

FOR

**DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AND FALSE STATEMENTS**

VIOLATION: 18 U.S.C. § 242
18 U.S.C. § 1001(a)(2)

A true i_____

Filed in open court this _____ day of _____ A.D. 2015.

_____
Clerk

Bail, $ _____

_Chanl M_____
Chandra Menon
Assistant United States Attorney