UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-289 |
| ANDRE DOMINICK<br>TIMOTHY WILLIAMS<br>DEBRA BECNEL<br>LISA VACCARELLA | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court are two motions regarding the loss of video recordings from St. Bernard Parish Prison: (1) Motion to Dismiss Counts No. 1 and No. 2 of the Indictment Against Andre Dominick, or, in the Alternative, Motion in Limine to Exclude any and all of the Government's Evidence Related to the Video Recordings, Including but not Limited to the Video Recordings, any Witness who has Viewed the Video Recordings, and any Expert Witness Testimony and/or Reports (Rec. Doc. 304); and (2) Motion to Dismiss the Indictment Against Lisa Vaccarella, or in the Alternative Exclude any and all of the Video Recording Evidence or an Adverse Inference Jury Instruction (Rec. Doc. 305). Both motions are opposed by the Government (Rec. Doc. 321), and Defendant Andre Dominick filed a reply memorandum to the Government's response to his motion. *See* Rec. Doc. 325. Additionally, a status report regarding the missing video recordings (Rec. Doc. 367) was filed on October 16, 2017, and the Government filed a supplemental memorandum on the same on December 1, 2017. *See* Rec. Doc. 376.

Subsequent to Defendants' filing of these motions, the Court held status conferences with counsel on August 30, 2017, September 21, 2017, November 3, 2017, January 19, 2018, April 3,

1

2018, and May 10, 2018, to discuss the lost video recordings, the possibility of recovering the lost recordings, as well as the appropriate remedy, once counsel determined the video recordings could not be recovered. Thus, at the April 3, 2018 status conference, counsel were instructed to submit a proposed curative jury instruction to the Court. See Rec. Doc. 394. The Court received a joint submission from Defendants and a submission from the Government on May 8, 2018. Having carefully considered the parties' supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that:

(1) Motion to Dismiss Counts No. 1 and No. 2 of the Indictment Against Andre Dominick, or, in the Alternative, Motion in Limine to Exclude any and all of the Government's Evidence Related to the Video Recordings, Including but not Limited to the Video Recordings, any Witness who has Viewed the Video Recordings, and any Expert Witness Testimony and/or Reports (Rec. Doc. 304) is **DENIED**.

(2) Motion to Dismiss the Indictment Against Lisa Vaccarella, or in the Alternative Exclude any and all of the Video Recording Evidence or an Adverse Inference Jury Instruction (Rec. Doc. 305) is **DENIED**.

(3) The following curative jury instruction shall be used to instruct the jury on the missing video recordings, subject to revision at the jury charge conference, based on the evidence presented at trial:

> You have heard testimony about certain evidence which is no longer available, specifically approximately 2000 hours of video recordings, recorded in the normal course of operation of the St. Bernard Parish Prison, during the entire time Ms. Henry was incarcerated at St. Bernard Parish Prison. One or more parties in this case contend that these video recordings, if produced, would have been relevant to certain facts in this case, and the allegations made against the defendants by the government.
>
> If you find that these video recordings would have been material in deciding the facts disputed in this case, then you are permitted, but not required, to infer that

these video recordings themselves did not depict any illegal acts by any defendant, if any defendant appeared on the unavailable video recordings. In other words, absent other evidence presented at this trial, you may, but are not required to, infer that each defendant acted in compliance with the law on any video recording on which he or she appears and that the St. Bernard Parish Prison failed to preserve such video after the FBI requested it. Moreover, you shall not infer the guilt of any defendant on any count solely because a video recording of him or her is no longer available.

As to any unavailable video recordings you believe may be material in deciding disputed facts, but which recordings do not depict any defendant, you alone are to determine the facts, and may but are not required to consider the unavailability of the previously-existing recordings, giving only such weight, if any, as you believe appropriate to the unavailable recordings, as a factor in your decision of such facts, after considering all of the evidence introduced at trial.

New Orleans, Louisiana, this 14th day of May 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**