UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION

VERSUS                            NUMBER: 15-289

ANDRE DOMINICK, ET AL             SECTION: "B"(2)

ORDER

After conferences with parties' counsel of record, and for reasons provided orally and herein, and upon further consideration of all parties' memoranda and exhibits relative to below motions,

**IT IS HEREBY ORDERED** that:

1. Defendant Debra Becnel's Motion in Limine to Exclude Testimony of Kenny Sanders, or any other Witness, regarding policies, training and procedure for correctional officers (Rec. Doc. 175) is **DENIED**. FRE 701; *Johnson v. Barney*, 360 Fed. Appx. 199 (2nd Cir. 2010);

2. Government's Omnibus Motion in Limine (Rec. Doc. 178) is **GRANTED** to exclude argument and evidence that:

    (a) this is a novel criminal case;

1

(b) the jury should nullify criminal responsibility because of a pending civil matter, but allowing limited cross-examination of witnesses on potential basis if they are parties to related civil actions;

(c) Defendants are facing punishment and sentencing if convicted;

(d) suggest prosecutorial misconduct and motives for charging decisions, but reserving Defendants' right to present the actions of others to show legality of their conduct;

(e) show policies or practices from other jails or prisons, but allowing relevant evidence on policies or training at time of the alleged offense and changes to same, if any, that were made in response to the victim's death at the facility at issue; a somewhat related defense request to introduce an association's findings about staffing issues is **DENIED**, subject to reconsideration;

(f) offer specific prior acts of good character or trait, but allowing testimony about reputation provided Defendants give notice of their intent to offer Rule 404(b)(2) character evidence about Defendants or the victim with written proffer(s) of same within five (5) days;

(g) seek introduction of exculpatory parts of Defendants' statements to others.

The legal basis for above rulings follows:

FRE 403; *U.S. v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983); *Shannon v. U.S.*, 512 U.S. 573 (1994); *U.S. v. Cleveland*, 1997 WL 253124 (EDLA 1997); FRE 404(a); FRE 405; *U.S. v. Shipley*, 546 F. Appx. 450 (5th Cir. 2003); FRE 801-802; *U.S. v. Branch*, 91 F.3d 699 (5th Cir. 1996); and *U.S. v. Crinel*, 2016 WL 6441249 (EDLA 2016);

3. Defendant's Motion in Limine to Exclude Testimony of Doctor's Testimony (Rec. Doc. 179) is **DENIED IN PART**. However, no expert opinion testimony will be allowed to state whether the victim was in obvious distress or whether Defendants knew the victim was in distress; all parties shall avoid offering cumulative testimony from witnesses, including experts; to the extent an expert witness may be needed to counter opinion testimony on symptoms and effects of "TPP", such testimony may be allowed;

4. Government's Motion in Limine to Exclude Improper Expert Testimony (Rec. Doc. 180) is **GRANTED IN PART**. FRE 702; 704(b); 403. Veith's opinions may be offered to counter medical opinions offered by the Government's medical expert, including casual effects associated with TTP;

5. Defendant Lisa Vaccarella's Motion in Limine to Exclude Alleged Other Acts (Rec. Doc. 181) is **DISMISSED AS MOOT**. The Government states it has no intention to use at trial other bad acts evidence that it produced in discovery. However, it reserves the right to do so if Defendants open the door for its use, e.g. cross-examination of a character witness;

6. Government's Motion in Limine to Exclude Improper Expert Testimony of Dr. Wayne Robichaux (Rec. Doc. 243) is **GRANTED**. Opinions from this witness are overly tainted with legal conclusions, hyperbole and suppositions that would confuse and invade upon the jury's fact-finding process. FRE 704; FRE 403. There is no disagreement among medical experts here that the victim died due to lack of acknowledged forms of medical treatment for TTP (Thrombotic Thrombocytopenic Purpura) while in jail. The jury can evaluate without need of expert evidence who was responsible for failing to give access to medical care and treatment. However, we reserve reconsideration to allow this witness's testimony to rebut the Government's evidence to the extent it becomes admissible at trial;

7. Defendant Debra Becnel's Motion to Limit Doctor's Testimony or, Alternatively, to Extend Expert Deadline (Rec. Doc. 281) is **DENIED**;

8. Defendant Lisa Vaccarella's Motion in Limine to Exclude Evidence of Special Video Recordings from Inside the St. Bernard Parish Jail (Rec. Doc. 307) is **DENIED**; the video recordings at issue are more probative in balance and not unduly prejudicial.

Parties were directed to discuss and confect reasonable stipulations in order to narrow issues for the jury on contested facts.

New Orleans, Louisiana, this 18th day of October, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE