UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 15-289 |
| ANDRE DOMINICK ET AL. | * | SECTION: "B" |

### DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM TO CONTINUE SENTENCING HEARING

**NOW COME** defendants Andre Dominick, Debra Becnel, Lisa Vaccarella, and Timothy Williams, who, through undersigned counsel, respectfully request that this Honorable Court grant a motion to continue the sentencing hearings currently set for January 20, 2021, and February 3, 2021. The reasons for this motion are set forth below.

Since April 24, 2020, the Eastern District of Louisiana's COVID-19 General Order 20-6, and subsequent extensions of the order, have closed the Hale Boggs Courthouse to the public. Since the implementation of COVID-19–related closures, criminal matters have been conducted by videoconference. The General Order authorizes individual District Court judges to conduct hearings in person at their discretion. The sentencing hearings in this case were scheduled to occur in person after defendants asserted their right to personal appearance, rather than waiving that right and proceeding with their sentencing hearings via video conference. (ECF Nos. 806, 807, 808 and 811.) At a phone conference held on December 2, 2020, this Court outlined procedures for conducting the hearings in person during the ongoing COVID-19 pandemic. The procedures were further delineated in a subsequent order, which requires the parties (1) to inform the court if any defendant waives personal appearance; (2) to inform the court if any defendant develops health issues that would show good cause for rescheduling that defendant's sentencing; (3) to assist U.S. Probation with updating presentence reports (this requirement applies to

1

government counsel only); and (4) to confer with non-party witnesses and all other counsel in a good-faith effort to submit written stipulations and/or signed witness statements in lieu of live testimony. (ECF No. 814).

At the time of the December 2 status conference defendants' counsel did not object to the procedure proposed by the Court. However, as preparation for the upcoming hearings continued, it became clear that live witness testimony may be required about which stipulations would be impossible. Further, preparation for the defendant's sentencing hearing continues to be hampered by the COVID-19 restrictions. Witnesses preparation, expert consultation, and defendant meetings are severely impeded, sometimes impossible, due to social distancing requirements. Lastly, with widespread vaccination on the horizon, even a relatively short continuance might allow for complete and Constitutionally sufficient sentencing hearings.

Ultimately, the combination of record high COVID cases in December, likely more through January[1], and clients with a host of preexisting conditions, the risk, even of a modified hearing is too great.

1. **Defendants' First and Sixth Amendment Rights Are Violated by the Exclusion of the Public, Including Defendants' Friends and Family, from the Sentencing Hearing.**

The First Amendment guarantees the public's right of access to sentencing proceedings. *Id.* at 1229. "[M]embers of the public have a right of access to criminal proceedings secured by the First Amendment." *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). This access "furthers not only the interests of the outside public, but also the integrity of the judicial system itself," because it "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to

---

[1] Donald G. McNeil, *The Long Darkness Before Dawn*, N.Y. Times (Dec. 24 2020)
https://www.nytimes.com/2020/11/30/health/coronavirus-vaccines-treatments.html

provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *see also Goodeagle v. United States*, 145 Fed. Cl. 646, 651 (2019) (noting "the strong presumption of public access to judicial proceedings and the public's right to monitor both the Government and th[e] Court."). Additionally, "[t]he requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). Further, an "open and public judicial process . . . deters perjury and other misconduct by participants in a trial." *State v. Wise*, 176 Wash. 2d 1, 6, 288 P.3d 1113, 1115 (2012).

The Sixth Amendment guarantees the defendant's right to a "public trial." This right extends to "those hearings whose subject matter involve[s] the values the right to a public trial serves." *United States v. Walters*, 627 F.3d 345, 360 (9th Cir. 2010) (alteration in original). This Sixth Amendment protection extends "with as much force to sentencing proceedings as to the trial itself." *United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012).

The right to a public trial entitles a criminal defendant "at the very least . . . to have his friends, relatives and counsel present, no matter with what offense he may be charged." *State v. Wise*, 176 Wash. 2d 1, 6, 288 P.3d 1113, 1115 ( 2012). (internal quotation marks and citations omitted).

As the Ninth Circuit has described, "matters of vital importance [are] discussed and decided" during a sentencing hearing, including "comput[ing] the Sentencing Guideline range, hear[ing] closing statements from defense counsel and a personal statement from [the defendant],

3

weigh[ing] the § 3553(a) factors, and impos[ing] its sentence." *Rivera* at 1232. "The Supreme Court has long recognized 'the critical nature of sentencing in a criminal case.'" *Id.* at 1233 (quoting *Mempa v. Rhay*, 389 U.S. 128, 134 (1967)).

Excluding a defendant's family members for the entirety of a sentencing hearing, however, is a substantial violation of the Sixth and First Amendments. *Rivera* at 1231. Thus, the Ninth Circuit found the court's exclusion of the defendant's family members from the sentencing hearing "implicated important values served by the Sixth Amendment." *Id.* "Most saliently, the district court imposed Rivera's sentence free from the watchful eyes of Rivera's family members, and thus without the most significant reminders of the importance of the court's sentencing function and the gravity of its actions. The closure was therefore not trivial." *Id.*

The presumption of openness requires the Court to close the courtroom *only* under highly specific circumstances. First, the Court must distinguish whether the closure will be (a) total, i.e., "all persons other than witnesses, court personnel, the parties and their lawyers are excluded for the duration of the hearing," *Waller v. Georgia*, 467 U.S. 39, 42 (1984), or (b) partial, i.e., where "the closure is more narrowly tailored to exclude spectators only to the extent necessary to satisfy the purpose for which it was ordered," *Sherlock*, 962 F.2d 1349, 1357 (9th Cir. 1992). The Eastern District of Louisiana's General Order is a total closure, since all persons other than the parties and the court personnel will be excluded from the courtroom. The Supreme Court made clear that such closures should be rare "and the balance of interests must be struck with special care." *Wallers*, 467, U.S. at 45. The applicable rules are as follows:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure

4

order was properly entered.

*Id.* (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)) (emphases added). Given the defendants' strong Sixth and First Amendment rights to have their relatives and friends present at his sentencing hearing, it should be held when the public can attend.

2. **The Defendants' Sixth Amendment Confrontation and Compulsory Process Rights Are Violated by the Exclusion of Witnesses from the Courtroom.**

Further, the defendants may call individual witnesses in their hearings. The General Order states that even if the hearing goes forward, witnesses are not among the individuals who will be allowed in the courtroom. This clearly violates the defendants' Sixth Amendment rights under the confrontation and compulsory process clauses.

The Supreme Court has found that "the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1016 (1987). The central concern of the confrontation clause is to "ensure the reliability of the evidence against the criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990). The right to face-to-face confrontation is not absolute, but "that does not, of course, mean that it may easily be dispensed with." *Id.* at 850. "[O]ur precedents confirm that a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial *only* where denial of such confrontation is <u>necessary</u> to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* (emphases added). If the government calls witnesses, they must testify in person in order to ensure defendants' right to

5

confront them.

The Sixth Amendment "constitutionalizes the right in an adversary criminal trial to make a defense as we know it." *Faretta v. California*, 422 U.S. 806, 818 (1975) (citing *California v. Green*, 399 U.S. 149, 176 (Harlan, J. concurring)). This encompasses compulsory process—"the calling and interrogation of favorable witnesses." *Id.* Naturally, these rights extend to sentencing proceedings. *See, e.g.*, *United States v. Hantzis*, 625 F.3d 575, 579 (9th Cir. 2010). The proposed procedures limit the defendants' right to compulsory process in violation of their Constitutional rights.

### 3. The ongoing COVID-19 Pandemic Necessitates a Continuance Regardless of the Proposed Procedures.

"The Sixth Amendment right to counsel is the right to the effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668 (1984). Apart from the Constitutional problems raised above, failure to grant the continuance would deny the defendants adequate representation by denying defense counsel reasonable time to prepare effectively for the hearing.

Preparation for this hearing has been hampered by the ongoing COVID-19 pandemic, which has drastically limited counsel's ability to meet with the defendants and their families, to consult with experts, and to collect material records and conduct other necessary investigation. The requested continuance is needed not because of a lack of diligence on the part of defense counsel, but rather because of the extreme difficulty of obtaining information from witnesses, and identifying and collecting supporting documentation from sources that are relevant to the Court's consideration of factors under 18 U.S.C. 3553(a), during a global pandemic. Additional time is necessary for counsel

to meet with the defendant and to prepare for the sentencing hearing in this matter. Defense counsel is in the process of gathering records, interviewing witnesses, and other investigation to present in mitigation at the sentencing hearing. Counsel has a duty to pursue such information and to bring it to the Court's attention to ensure that the defendants receives an adequate defense. This Court's granting of a continuance would allow the defense the opportunity to present a more detailed picture of the individual before the Court and to advocate effectively on the defendants' behalf.

The government, through Assistant United States Attorney, Chandra Menon, objects to this continuance request.

**WHEREFORE**, defendants respectfully request that the sentencing hearing be continued for ninety days.

Respectfully submitted this 4th day of January 2021.

CLAUDE J. KELLY
Federal Public Defender


/s/Jerrod Thompson-Hicks
JERROD THOMPSON-HICKS, LA # 32729
Assistant Federal Public Defender
500 Poydras Street, Suite 318
New Orleans, Louisiana 70130
(504) 589-7930
jerrod_thompson-hicks@fd.org
Attorney for Timothy Williams

/s/ Anna L. Friedberg
Anna L. Friedberg, LA #25055
3110 Canal Street
New Orleans, LA 70119
504-444-8557
F: 504-872-9305
afriedberglaw@gmail.com
Attorney for Lisa Vaccarella

s/Paul C Fleming Jr

PAUL C. FLEMING, JR., LA Bar # 23076
2821 Kingman St., Suite C
P.O. Box 491 Metairie, LA 70004
504-888-3394
pfleming@fleminglaw.net
Attorney for ANDRE DOMINICK

/s/<u>Guy E Wall</u>
Guy E. Wall, La. Bar No. 7718
Wall Bullington & Cook, LLC
540 Elmwood Park Blvd
New Orleans, LA 70123
(504) 736-0347
gwall@wallbulling.com
Attorney for Debra Becnel

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 10, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Chandra Menon, Assistant United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

        /s/Jerrod Thompson-Hicks
        JERROD THOMPSON-HICKS
        Assistant Federal Public Defender