UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-289 |
| v. | * | SECTION: "B" |
| ANDRE DOMINICK ET AL. | * | |

\* \* \*

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO CONTINUE SENTENCING HEARINGS

## I.   BACKGROUND

Defendants Andre Dominick, Lisa Vaccarella, and Debra Becnel are scheduled to be sentenced on January 20, 2021, more than a year after each pleaded guilty. Defendant Timothy Williams, who pleaded guilty in September 2018, is scheduled to be sentenced on February 3, 2021. The current sentencing dates were set almost four months ago in response to the defendants' request for "additional time [that was] necessary to meet with the respective defendant and to prepare for the sentencing hearing in this matter." (Rec. Doc. 806 at 1).

On November 24, 2020, the Court notified all counsel of a telephone status conference "to discuss the upcoming in-person sentences." Rec. Doc. 812. The conference was held on December 2, 2020.

On the afternoon of January 4, 2021, the government learned that the defendants planned to move to continue sentencing again. That evening, the defendants filed the instant motion, seeking a 90-day continuance based on the following three grounds: (1) exclusion of spectators will violate "the defendants' strong Sixth and First Amendment rights to have their relatives and friends present at [their] sentencing hearing[s]," Rec. Doc. 819 at 5; (2) prohibition of in-person witness testimony will "limit the defendants' right to compulsory process in violation of their

Constitutional Rights," Rec. Doc. 819 at 6; and (3) "failure to grant the continuance would deny … defense counsel reasonable time to prepare effectively for the hearing." Rec. Doc. 819 at 6.[1]

## II.     ARGUMENT

The government recognizes that conducting in-person proceedings at this time presents significant challenges—indeed this is why the Court held a conference with counsel for all parties on December 2, 2020.  The government also recognizes that recent local COVID-19 infection rates have been high and that this is a factor the Court must consider in determining when and how to conduct in-person proceedings. The defendants' motion, however, fails to articulate reasons justifying the requested 90-day continuance.

**The defendants' belief that spectators will be excluded does not warrant a 90-day continuance.**

The defendants' first claim is that sentencing must be continued because they have the right to have relatives and friends present in the courtroom. However, it appears that the defendants' belief that their friends and relatives would be prohibited from attending the sentencing is an incorrect one that stems from a misunderstanding of the District Court's general orders. The defendants state that "[s]ince April 24, 2020, the Eastern District of Louisiana's COVID-19 General Order 20-6, and subsequent extensions of the order, have closed the Hale Boggs Courthouse to the public," Rec. Doc. 819 at 1, and that "[t]he Eastern District of Louisiana's General Order is a total closure, since all persons other than the parties and the court personnel will be excluded from the courtroom." Rec. Doc. 819 at 4. However, the current applicable order,

---

[1] The government notes that the defendants failed to raise these issues with the Court or the government prior to filing their motion, despite having the opportunity to do so. Specifically, on November 24, 2020, the Court gave notice to all parties of a telephone status conference that was being scheduled "to discuss the upcoming in-person sentences." Rec. Doc. 812. At this telephone conference, which was held on December 2, 2020, the defendants did not raise any of the issues that they now argue demand a continuance. Following the telephone conference, the defendants did not submit any requests or proposals to address these issues prior to filing the instant motion to continue.

General Order 20-12, states that "[e]ffective November 1, 2020, the Hale Boggs Federal Building …, which houses the United States District Court … for the Eastern District of Louisiana, is open to the general public for limited purposes." Indeed, pursuant to that order, on November 10, 2020, a section of the District Court took the guilty pleas of Irvin Mayfield and Ronald Markham during a hearing attended by members of the public.

If the defendants here wish to have friends and family members present at sentencing, they should promptly notify the Court of the anticipated number of spectators. This will enable the Court and its staff to plan accordingly.

**The defendants' belief that witnesses will be prohibited does not warrant a 90-day continuance.**

The defendants next claim that, if they proceed to sentencing as scheduled, they will be deprived of their right to call witnesses, basing their claim on the mistaken belief that "[t]he General Order states that even if the hearing goes forward, witnesses are not among the individuals who will be allowed in the courtroom." Rec. Doc. 819 at 5. As noted above, the controlling general order contains no such prohibition and instead even opens the courthouse to the "general public."

Regardless of restrictions or concerns relating to the pandemic, defendants do not have an unlimited right to call witnesses at sentencing. *United States v. Jackson*, 700 F.2d 181, 191 (5th Cir. 1983). For example, in *United States v. Henderson,* the defendant "requested a mini-trial, complete with exhibits, expert witnesses, character witnesses, and an opportunity to cross examine the government's witnesses." 19 F.3d 917, 927 (5th Cir. 1994). The district court denied that request. In affirming the district court, the Fifth Circuit noted that the defendant "had an opportunity to review the PSR and file formal objections to that report [and] could have filed affidavits and other exhibits in support of his position." *Id*.; *see also United States v. Trejo*, 54 F. App'x 414, 414 (5th Cir. 2002) ("The district court did not abuse its discretion by refusing to allow

3

four witnesses to testify at the sentencing hearing to rebut the PSR."); *United States v. Herrera*, 466 F. App'x 409, 426 (5th Cir. 2012) ("the district court did not abuse its discretion in declining to hold an evidentiary hearing because [the defendant] has failed to show the utility of conducting such a hearing.").

Furthermore, this issue should have been developed in response to the Court's order that the "[p]arties shall confer and attempt to work out stipulations in lieu of live testimony" in an effort to limit the number of people in the courtroom during the ongoing pandemic.[2] However, despite reaching out to defense counsel in compliance with the Court's order, the government has heard little from defense counsel in response.[3]

Counsel for Vaccarella told government counsel that she may wish to call one of Vaccarella's relatives as a witness. However, counsel never provided a proposed stipulation and the government is unaware what this relative's testimony would provide beyond what is routinely submitted in the form of a letter to the Court from a defendant's family member.

Counsel for Becnel discussed with the government whether a stipulation would be appropriate regarding FBI interview memoranda containing information that counsel may wish to present to the Court. As the government explained to counsel, no stipulation is needed as there is no prohibition on presenting such documents to the Court[4] and the government will not dispute that reports are what they purport to be (summaries of what the interviewees said).

The government has heard nothing else from the defendants about witnesses or stipulations in lieu of live testimony. If the defendants wish to call witnesses, they should notify the government

---

[2] Notably, the order does not state that the defendants will be prohibited from calling live witnesses in the event that the parties could not agree on stipulations.

[3] In response to the order, the government informed the defendants that it does not plan on calling witnesses and therefore has no stipulations to propose in lieu of testimony. The government also noted that, without knowing in advance what testimony the defendants will present, rebuttal testimony cannot be ruled out.

[4] The government suggested that it would be appropriate to file such documents under seal.

and the Court so that their proposals can be evaluated against applicable case law. The Court can then determine if the witnesses should be permitted to testify and whether any permitted testimony should be conducted via video or in person.

**The defendants' vague claim of an inability to prepare does not warrant a 90-day continuance.**

Finally, the defendants assert that the pandemic has "drastically limited counsel's ability to meet with the defendants and their families, to consult with experts, and to collect material records and conduct other necessary investigation." Rec. Doc. 819 at 6. However, the defendants fail to explain how the pandemic has limited their abilities or to specify what tasks the pandemic has prevented them from completing. The lack of detail is especially problematic in light of the following circumstances: (A) the sentencing dates are set for more than a year after the rearraignment dates; (B) defense counsel stated almost four months ago, in their previous motion to continue, that they were "in the process of gathering records, interviewing witnesses, and other investigation to present in mitigation at the sentencing hearing," Rec. Doc. 808 at 1; (C) the defendants failed to raise any of the instant issues at a conference held expressly and solely "to discuss the upcoming in-person sentences," Rec. Doc. 812; and (D) the defendants failed to raise any of the instant issues in the month following the conference.

In order for the Court to be able to assess whether these defense claims have any merit, the defendants must explain: why meetings with the defendants and their families cannot be handled remotely; what experts counsel is consulting and why they cannot be consulted remotely; what material still needs to be collected, why it has not yet been already collected, and why its collection requires a continuance; and what "other necessary investigation" still needs to be conducted and why has it not been conducted thus far.

### III. CONCLUSION

The defendants' motion should be denied because it provides insufficient grounds to justify the requested 90-day continuance.

Respectfully submitted,

| | |
|---|---|
| PETER G. STRASSER<br>UNITED STATES ATTORNEY<br>Eastern District of Louisiana | JOHN DAUKAS<br>ACTING ASSISTANT ATTORNEY GENERAL<br>Civil Rights Division<br>United States Department of Justice |
| *s/ Chandra Menon*<br>CHANDRA MENON<br>Assistant United States Attorney<br>650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130<br>Telephone: (504) 680-3085<br>Chandra.Menon@usdoj.gov | *s/ Christine M. Siscaretti*<br>CHRISTINE M. SISCARETTI<br>Trial Attorney, Civil Rights Division<br>950 Pennsylvania Avenue, NW - PHB<br>Washington, District of Columbia 20530<br>Telephone: (202) 514-7852<br>Christine.Siscaretti@usdoj.gov |
| *s/ Tracey N. Knight*<br>TRACEY N. KNIGHT<br>Assistant United States Attorney<br>Louisiana Bar Roll Number 23165<br>650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130<br>Telephone: (504) 680-3080<br>Tracey.Knight@usdoj.gov | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

*s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney